STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**
April 14, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ROBIN STACKPOLE,**
**Claimant Below, Petitioner**

**vs.)   No. 15-0284** (BOR Appeal No. 2049746)
                    (Claim No. 2012012542)

**SUN HEALTHCARE,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Robin Stackpole, by J. Thomas Greene Jr., her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated February 25, 2015, in which the Board affirmed an August 25, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 16, 2013, decision which granted a 0% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Stackpole, a certified nursing assistant for Sun Healthcare, was working on October 7, 2011, when she injured her back attempting to lift a patient. Ms. Stackpole experienced back pain that extended down the right leg as far as the knee. She reported the injury to her supervisor and finished out her shift. She attempted to work the following day but could not perform her job duties because she was in too much pain. She was revaluated at the Prompt Care facility at St. Joseph Hospital where she was diagnosed with an acute myofascial lumbar sprain.

1

Ms. Stackpole reported to Joseph Snead, M.D., who issued an independent medical evaluation on May 1, 2012. Dr. Snead found evidence of some type of disc degeneration or a bulging process in the lumbar area. However, without the benefit of an MRI, he opined it would be difficult to determine at what level the problem was located. Because the pain was in the upper thigh, he opined the problem is most likely at one of the higher lumbar levels between L2 and L4. Dr. Snead concluded that Ms. Stackpole most likely suffered from an upper lumbar disc bulge. Using range of motion, he measured 14% whole person impairment. He also found 5% impairment from Section II-B of Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). He then combined the 14% with the 5% from Table 75 to reach 18% whole person impairment. Dr. Snead placed Ms. Stackpole in Category II of Table 15-3 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (5th ed. 2001), which allowed an impairment rating from 5% to 8%. He then utilized West Virginia Code of State Rules § 85-20-C (2006) and recommended 8% whole person impairment for the injury. However, he did not think Ms. Stackpole was at maximum medical improvement and noted that she was scheduled for lumbar injections. Dr. Snead opined that if these were carried out in a timely manner, he would expect her to reach maximum medical improvement around July of 2012.

In a December 12, 2012, independent medical evaluation, Kelly Agnew, M.D., found no evidence of atrophy of the right lower extremity to correlate with longstanding weakness. He felt the work-related injury of October 7, 2011, was now maximally improved with no evidence of lingering impairment. He stated that Ms. Stackpole had some prior spine complaints, including the lumbar area, prompting chiropractic care. He agreed with the radiologist that Ms. Stackpole does not have a disc herniation, an annular tear, or any nerve root compression. He stated that she had a very mild desiccation with a tiny bulge at L5-S1, which is completely normal and does not represent an injury. He noted that Ms. Stackpole has no objective muscular tenderness or spasm. She demonstrated excellent flexibility, although she had to be distracted to exhibit it. Dr. Agnew also noted a very strong component of non-organicity to her presentation. He found no ratable impairment. On January 16, 2013, the claims administrator granted a 0% permanent partial disability award based upon Dr. Agnew's report.

On January 31, 2014, an independent medical evaluation from Karl C. Boone, D.C., was issued. He diagnosed lumbar intervertebral disc displacement without myelopathy, lumbar radiculitis, lumbosacral strain, and lumbar spondylosis. He opined that Ms. Stackpole had reached maximum medical improvement with regard to the injury. He placed her in Category II-B of Table 75 of the 4th edition of the AMA's *Guides* for 5% whole person impairment. He indicated her range of motion findings were invalid and therefore suggested no impairment for such. He noted that there were no gross neurological deficits in her lower extremities and placed her in Category II of West Virginia Code of State Rules § 85-20-C. His total assessment was 5% whole person impairment.

The Office of Judges affirmed the claims administrator's decision in its August 25, 2014, Order. It found Ms. Stackpole failed to show she was permanently and partially disabled as a result of her compensable injury. The Office of Judges stated that it was not clear from the record what the claim was held compensable for because the evidence presented consisted of three

independent medical evaluations. The Office of Judges gleaned from the various reports that since the early 2000's, Ms. Stackpole has had back pain, degenerative disc disease, fibromyalgia, and idiopathic peripheral neuropathy. The Office of Judges also noted that under the standard of proof it was Ms. Stackpole's burden to establish her claim. The Office of Judges concluded it was unclear from the reports what the compensable injuries were and if Ms. Stackpole's impairment was attributable to them. As a result, the Office of Judges did not adopt any independent medical evaluation as persuasive and affirmed the claims administrator's award of 0% permanent partial disability. The Board of Review adopted the findings of the Office of Judges and affirmed its Order on February 25, 2015.

After review, we agree with the consistent conclusions of the Office of Judges and Board of Review. Three independent medical evaluations have been submitted. From the two evaluations that found impairment, the connection between the impairment and the compensable injury was not apparent. It could not be gleaned from the record presented what the compensable injuries were or how they resulted in impairment. Ms. Stackpole has an extensive history of back issues, pain, and sensitivity that does not correspond with her organic findings. Because Ms. Stackpole did not establish the connection between the impairment and the compensable injury, it was not in error for the Office of Judges and Board of Review to decline to grant a permanent partial disability award.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   April 14, 2016**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Menis E. Ketchum
Justice Margaret L. Workman

3